IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

01 FEB -5 PM 2: 56

N.D. OF ALABAMA

REGINALD WRIGHT, MARK }
KERCE, DONALD OPIE, and }
ANGELA WHITTER, on behalf of }
themselves and all others similarly }
situated, }
}
    Plaintiffs, }
}
v. }         CASE NO. CV 97-B-0776-S
}
CIRCUIT CITY STORES, INC., }
}
    Defendant. }

ENTERED

FEB - 5 2001

MEMORANDUM OPINION

This case is before the court on the Motion of Circuit City to Compel Arbitration of the

Claims of Mark Kerce. The Motion is supported by the Declaration of Pamela G. Parsons.

In an Order entered February 9, 2000, former U.S. District Judge Sam C. Pointer, Jr.

granted Circuit City's Motion to Compel Arbitration of the claims of plaintiffs Frank Barmore

and Ruth Burden. Judge Pointer's opinion stated in part:

> In March of 1995, Circuit city adopted an alternative dispute resolution
> program known as the "Associate Issue Resolution Program." This program
> provides a process including final and binding arbitration, through which
> applicants, employees, and former employees of Circuit City (all described as
> "Associates") may resolve employment-related disputes. In the spring of 1995,
> Circuit City implemented the program through meetings at all store locations,
> including those in which Burden and Barmore worked. At the meetings, in
> addition to viewing a video presentation explaining the arbitration program, each
> employee received the comprehensive written materials contained in the
> "Associate Issue Resolution Package."

> Circuit City did not impose the arbitration program upon all then-current
> employees as a condition of continued employment. Rather, associates who were
> employed by Circuit City at the time of the implementation of the program,
> including Burden and Barmore, were given the option of whether or not to
> participate. Associates who did not wish to participate were allowed to opt-out

10

through the completion and mailing of an "Arbitration Opt-Out Form" within 30 days of their receipt of the package. This process was explained at the meetings and in the written materials contained in the package. As the materials made clear, those employees who received the package and elected not to opt-out of the program were agreeing to be bound by its provisions requiring final and binding arbitration of all employment-related claims. Neither Burden nor Barmore submitted an opt-out form to Circuit City within 30 days of their receipt of the package.

Plaintiff Kerce was not included in Circuit City's previous Motion to Compel Arbitration because, at the time that Motion was filed, Circuit City was unable to produce proof that Kerce was also bound by the arbitration agreement. Circuit City has now put forth evidence that plaintiff Kerce attended a session in which the arbitration agreement was discussed. Kerce signed a receipt of written materials which explained that participation in the arbitration program was voluntary, but that if an employee did not wish to be bound by the arbitration agreement, the employee had to mail the opt-out form to the company's Arbitration Coordinator within 30 days of the receipt of the package. Plaintiff Kerce did not submit an opt-out form. Parsons Dec. 1 at ¶ 9.[1]

Based on the evidence before the court and the controlling law, the court is of the opinion that plaintiff Mark Kerce is bound by his agreement to arbitrate all of his employment-related claims against Circuit City in accordance with the Circuit City Associate Issue Resolution Program. However, as noted in Judge Pointer's February 9, 2000, Opinion, Circuit City's arbitration agreement places certain limitations on amounts of damages that are recoverable. The court agrees with Judge Pointer's discussion on the severability of the remedies provision of

---

[1] Kerce's response to the Motion to Compel Arbitration states that he is unable to produce a copy of an opt-out form signed by him and thus, has no evidence to rebut defendant's Motion to Compel Arbitration. Plaintiff Kerce did not submit any argument in opposition to defendant's Motion to Compel Arbitration.

the agreement and further agrees with Judge Pointer's decision that the arbitration clause at issue should be modified so that it allows for the full range of remedies that plaintiff Kerce would be entitled to under 42 U.S.C. § 1981.

For the above stated reasons, defendant's Motion to Compel Arbitration of the Claims of Mark Kerce is due to be granted.  An order granting defendant's Motion will be entered contemporaneously with this Opinion.

DONE this __5th__ day of February, 2001.

SHARON LOVELACE BLACKBURN
United States District Judge

3